1  HOGAN LOVELLS US L.L.P.
2  David Skaar (Bar No. 265377)
   1999 Avenue of the Stars #1400
   Los Angeles, CA 90067
3  Tel: 310-785-4600
   Fax: 310-785-4601
4  david.skaar@hoganlovells.com

5  HOGAN LOVELLS US L.L.P.
   Steven Levitan (Bar No. 148716)
6  4085 Campbell Ave #100
   Menlo Park, CA 94025
7  Tel: 650-463-4000
   Fax: 650-463-4199
8  steven.levitan@hoganlovells.com

9  Attorneys for Plaintiffs
   FERRERO S.P.A., FERRERO U.S.A., INC., and
10 SOREMARTEC S.A.

11 ADDITIONAL COUNSEL ON NEXT PAGE

12
                 UNITED STATES DISTRICT COURT
13
                CENTRAL DISTRICT OF CALIFORNIA
14
                      SOUTHERN DIVISION
15

16 FERRERO S.P.A., an Italian          CASE NO.:
   corporation, FERRERO U.S.A., INC.,
17 a Delaware corporation and          **COMPLAINT FOR:**
   SOREMARTEC S.A., a Luxembourg
18 company,                            1)  **TRADEMARK INFRINGMENT**
                                           **UNDER 15 U.S.C. § 1114**
19              Plaintiffs,
                                       2)  **UNFAIR COMPETITION**
20 v.                                      **UNDER 15 U.S.C. §1125(a)**

21 IMEX LEADER, INC., a California      3)  **UNFAIR BUSINESS**
   corporation and IRINA                   **PRACTICES UNDER**
22 ZAKHOZHAIA a/k/a Irina Grant, an        **CALIFORNIA BUSINESS &**
   individual,                             **PROFESSIONS CODE §§ 17200**
23                                         **ET SEQ**
                Defendants.
24                                     4)  **TRADEMARK**
                                           **INFRINGEMENT UNDER**
25                                         **CALIFORNIA COMMON LAW**

26                                     5)  **UNFAIR COMPETITION**
                                           **UNDER CALIFORNIA**
27                                         **COMMON LAW**

28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES                                             COMPLAINT

HOGAN LOVELLS US L.L.P.
Raymond A. Kurz (*pro hac vice* to be filed)
Celine J. Crowson (*pro hac vice* to be filed)
Anna Kurian Shaw (*pro hac vice* to be filed)
Lauren C. Chamblee (*pro hac vice* to be filed)
555 Thirteenth Street, NW
Washington, DC  20004
Tel: 202-637-5600
Fax: 202-637-5910
raymond.kurz@hoganlovells.com
celine.crowson@hoganlovells.com
anna.shaw@hoganlovells.com
lauren.chamblee@hoganlovells.com

## COMPLAINT

Plaintiffs Ferrero S.p.A. ("Ferrero SpA"), Ferrero U.S.A., Inc. ("Ferrero USA") and Soremartec S.A. ("Soremartec") (collectively referred to hereafter as "Ferrero" or "Plaintiffs"), allege for their Complaint against Defendants IMEX Leader, Inc. ("IMEX") and Irina Zakhozhaia a/k/a Irina Grant (collectively "Defendants") the following:

## NATURE OF THE ACTION

1.      This is a civil action for trademark infringement under the Lanham Act of 1946, as amended, 15 U.S.C. § 1114, federal unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), statutory unfair competition under California Bus. & Prof. Code §§ 17200 *et seq* and common law trademark infringement and unfair competition under California law.

## JURISDICTION AND VENUE

2.      The First and Second Causes of Action arise under the Lanham Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq*.  This Court has jurisdiction over these claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

3.      The Third through Fifth Causes of Action arise under California statutory and common law.  This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1338(b), in that these claims are joined with substantial and related claims brought under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et*

*seq.* This Court also has jurisdiction over the state law claims under the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367, because the federal and state claims are based on the same operative facts, and judicial economy, convenience, and fairness to the parties will result if this Court assumes and exercises jurisdiction over the state law claims.

4. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), because Plaintiff and Defendants are citizens of different states and/or countries and the amount in controversy exceeds $75,000, exclusive of costs and interest.

5. This Court has personal jurisdiction over IMEX because it is organized and exists under the laws of the State of California, has its principal place of business in California, and has engaged in the conduct alleged in this Complaint in California.

6. This Court has personal jurisdiction over Irina Zakhozhaia a/k/a Irina Grant because she resides in the State of California and has engaged in the conduct alleged in this Complaint in California.

7. Venue is proper in this District pursuant to 28 U.S.C § 1391 because Defendants are located and/or reside in this District and this Southern Division and a substantial part of the events or omissions giving rise to the claims in this action occurred in this District.

## PARTIES

8. Plaintiff Ferrero S.p.A. ("Ferrero SpA") is a company organized and existing under the laws of Italy with an address of Piazzale Pietro Ferrero, 1, I-12051, Alba, Cuneo, Italy.

9. Plaintiff Soremartec, S.A. ("Soremartec") is a corporation organized under the laws of Luxembourg with an address of Findel Business Center, Complexe B Rue de Treves L-2632 Findel, Luxembourg.

10.     Plaintiff Ferrero U.S.A., Inc. ("Ferrero USA") is a corporation organized under the laws of Delaware, with an address of 7 Sylvan Way, Parsippany, New Jersey 07054.  Ferrero USA is the exclusive distributor of Ferrero's products in the United States.

11.     On information and belief, Defendant IMEX Leader, Inc. ("IMEX") is a corporation organized and existing under the laws of California, with its registered address located in this District and this Southern Division, at 17975 Sky Park Cir Bldg 41-G, Irvine, CA 92614-6317 and a business address located at 3303 Harbor Blvd, Ste. C10, Costa Mesa, CA 92626-1518 where it conducts business under the name Sweets Choice.

12.     On information and belief, Defendant Irina Zakhozhaia, also known as Irina Grant (herein referred to as "Irina Grant" or "Ms. Grant"), an individual residing in this District and this Southern Division at 288 Ambroise, Newport Coast, CA 92657, is the chief executive officer of IMEX, directly controls the actions and operations of IMEX, and owns and operates the websites located at www.sweetschoice.com and www.imexleader.com.  Ms. Grant also owns U.S. Trademark Reg. No. 5,145,838 for the mark SWEETS CHOICE in connection with "on-line store services featuring chocolate, candies, cookies, cakes, sweets" and U.S. App. No. 87/411,785 for the mark KING EGG in connection with "[p]lastic character toys; [s]tuffed and plush toys" and "[c]andies contained in an egg-shaped container and also including a toy; [c]hocolate candies contained in an egg-shaped container and also including a toy; all the foregoing goods being in compliance with Section 402(d)(1) of the Federal Food, Drug, and Cosmetic Act and excluding mints and peppermints."

13.     On information and belief, each Defendant conducts business in interstate commerce in the United States, in California and in this District; the claims alleged herein arise from each Defendant's acts or omissions in the United States, in California and in this District; each Defendant has purposefully directed

1  its activities to residents in the United States, in California and in this District; and

2  each Defendant's acts or omissions have damaged Ferrero in the United States, in

3  California and in this District.

## FACTS

4

5  **Ferrero's Iconic Products**

6      14.     Today, Ferrero is the third largest confectionary company in the world.

7  Not only is Ferrero one of the world's largest confectionery manufacturers, but the

8  company and its brands have become synonymous with a high level of  quality and

9  taste which consumers have come to expect.  This is due in large part to Ferrero's

10 meticulous attention to the quality of its products throughout every stage from

11 manufacture to distribution.

12      15.     Ferrero owns the brands and trademarks associated with such well-

13 known products including but not limited to TIC TAC® mints, FERRERO

14 ROCHER® fine hazelnut chocolates, NUTELLA® cocoa hazelnut spread and the

15 KINDER® line of chocolate confections, which includes the KINDER JOY®

16 product, as well as numerous other KINDER® branded products.

17      16.     Not all of the products in the KINDER line, however, are offered in

18 the United States.  For example, until this year, only a few KINDER-branded

19 products were available in the United States, namely, KINDER CHOCOLATE,

20 KINDER BUENO, KINDER BUENO (WHITE), KINDER COUNTRY and

21 KINDER SCHOKO-BONS.   By contrast, up to now, the KINDER JOY product

22 has only been available outside of the United States.  This fall, however, that

23 changed with the much anticipated launch of the KINDER JOY product in the

24 United States.

25      17.     In May 2017 at the National Confectioners' Association Sweets &

26 Snacks Expo in Chicago, Ferrero USA announced that it would be introducing the

27 renowned KINDER JOY product, which has been offered outside of the United

28 States for more than a decade and a half, to the U.S. market.

18.   The KINDER JOY product is part of the iconic line of KINDER egg confections which also includes the KINDER SURPRISE product as shown below. The KINDER SURPRISE product is not offered in the United States but has been offered outside of the United States since the 1970s.  The KINDER JOY and KINDER SURPRISE products are often referred to as  KINDER eggs and are packaged with a similar and instantly recognizable trade dress:

| KINDER JOY TRADE DRESS (UNITED STATES) | KINDER SURPRISE TRADE DRESS (OUTSIDE THE US) |
|---|---|
|  |  |

19.   The KINDER JOY Trade Dress featured on the KINDER JOY egg-shaped confection offered in the United States (as shown in Column 1 above in paragraph 18) is comprised of: (a) an oval shaped container (b) with the wording KINDER appearing in block lettering near the middle portion of the package with the "K" slightly larger, in black and more pronounced than the rest of the lettering which appears in reddish-orange lowercase letters and with wording comprised of yellow-colored capital letters in block lettering outlined in a contrasting color appearing below the wording KINDER and (c) a blue colored rectangular box appearing prominently above the block lettering (d) all set against a white background before ending at (e) a wavy line towards the middle of the container where a contrasting solid color takes over for the lower portion of the container

with (f) a tab appearing on the lower portion of the product and (g) a thin edge surrounding the container ("KINDER JOY Trade Dress").  Soremartec is the owner of U.S. Reg. 5,097,904 for the KINDER JOY Trade Dress ("KINDER JOY Trade Dress Registration").  Ferrero also owns other protectable trade dress related to the KINDER JOY product that include, *inter alia*, various combinations of the elements set forth above.

20.    The KINDER JOY product also has a unique and recognizable product configuration as shown below, with each half of the egg-shaped package covered in a seal.  Beneath one of the seals, a cocoa cream confection fills the interior of the half egg shell and is topped with two crispy cocoa wafer bites.  On the other half of the egg-shaped product a fan-shaped spoon is affixed on top of the seal and a toy surprise sits beneath the seal.  This configuration is referred to herein as the "KINDER JOY Product Configuration."

**KINDER JOY PRODUCT CONFIGURATION**



21.    Ferrero has sold billions of KINDER JOY products outside the United States since their first introduction.

22.    Both the KINDER JOY Trade Dress and KINDER JOY Product Configuration are displayed on packaging, point of sale materials, advertising, promotional and marketing materials for the KINDER JOY products around the world and, now, in the United States.

23.     Since prior to Ferrero USA's announcement of the U.S. launch of the KINDER JOY product, Ferrero has been steadily and significantly investing in its debut of the KINDER JOY product in the U.S.

24.     In May of 2017, Ferrero USA featured the KINDER JOY product at the National Confectioners' Association Sweets & Snacks Expo in Chicago.  More than 17,000 qualified confectionery and snack professionals, comprised of buyers, merchandisers, operations managers, executives and store owners from supermarkets, convenience stores, warehouse clubs, mass and dollar merchants, drug stores, vending, wholesalers, theaters, and specialty and department stores attend this trade show each year, and this year, the KINDER JOY Trade Dress and KINDER JOY Product Configuration were prominently featured at Ferrero USA's booth, as illustrated below.

**NATIONAL CONFECTIONERS' ASSOCIATION SWEETS & SNACKS EXPO**
**FERRERO USA BOOTH**



COMPLAINT

25.     Since then, numerous distributors and retailers, including those located in California and this District, have been placing orders for the KINDER JOY product.  Similarly, the announcement of the U.S. launch of the product garnered significant press attention with media outlets such as CNN, Forbes, Fortune, and Good Housekeeping reporting on the imminent entry of Ferrero's KINDER JOY product into the U.S. market.

26.     Indeed, on November 13, 2017, Ferrero held a public relations launch event for the KINDER JOY product in New York, New York where a boat carried an oversized cargo box of KINDER JOY product through New York harbor symbolically welcoming the KINDER JOY product to the United States.  The event garnered more than 3.6 billion impressions from social media and news outlets.

**Ferrero's Trademarks and Quality Standards**

27.     Ferrero owns various U.S. trademark registrations for marks associated with the KINDER brand, as set forth in the chart below (collectively, the "KINDER Marks"):

| MARK | U.S. REG. NO. | GOODS |
|---|---|---|
|  | 3223202<br><br>Registered on Mar. 27, 2007 | Class 30: cereal based snack food and cereal derived food bars, biscuits, confectionary namely, candy, chocolate bars |
|  | 3228028<br><br>Registered on Apr. 10, 2007 | Class 30: cereal based snack food and cereal derived food bars, biscuits, confectionary namely, candy, chocolate bars |

| MARK | U.S. REG. NO. | GOODS |
|---|---|---|
|  | 4887297<br><br>Registered on Jan. 19, 2016 | Class 30: candy |
| KINDER JOY Trade Dress<br> | 5097904<br><br>Registered on Dec. 13, 2016 | Class 30: Pastry and confectionary, namely, candy; chocolate and chocolate-based products, namely chocolate confections; edible ices, filled wafers, cocoa-based spreads |
| **kinder** **JOY** | 4093154<br><br>Registered on Jan. 31, 2012 | Class 30: Candy, milk chocolate and nut confectionary, caramel and chocolate candy and sweet wafers |
|  | 1568652<br><br>Registered on Nov. 28, 1989 | Class 30: candy |
| **Kinder** | 1351949<br><br>Registered on Jul. 30, 1985 | Class 30: candy |
| **kinder** | 1691821<br><br>Registered on Jun. 09, 1992 | Class 30: candy |
| KINDER | 0848294<br><br>Registered on April 30, 1968 | Class 30: chocolate candy bars |
| KINDER | 2368221<br><br>Registered on July 18, 2000 | Class 30: candy |
| **kinder bueno** | 1480969<br><br>Registered on Mar. 15, 1988 | Class 30: candy |
| KINDER BUENO | 3606223<br><br>Registered on April 14, 2009 | Class 30: candy |

Hogan Lovells US LLP<br>Attorneys At Law<br>Los Angeles

COMPLAINT

28.     Ferrero also owns U.S. trademark registrations for various marks associated with the FERRERO brand, as set forth in the chart below (collectively, the "FERRERO Marks"):

| MARK | U.S. REG. NO. | GOODS | OWNER |
|---|---|---|---|
| FERRERO | 3181623<br><br>Registered on Dec. 05, 2006 | Class 30: Candies, chocolate candies, spread containing chocolate and nuts | Ferrero S.p.A.<br>PIAZZALE PIETRO FERRERO<br>12051 ALBA, CUNEO ITALY |
| **FERRERO** | 1017527<br><br>Registered on Aug. 05, 1975 | Class 30: chocolate candy, chocolate coated candy, and chocolate spread for bread | Ferrero S.p.A.<br>PIAZZALE PIETRO FERRERO<br>12051 ALBA, CUNEO ITALY |

29.     Ferrero maintains the considerable goodwill and reputation associated with its products bearing the KINDER and FERRERO Marks by ensuring that its products offered under each brand are of the highest quality and by carefully tailoring its products to the demands of each particular local market in which the products are offered.   In the United States, Ferrero offers the KINDER JOY, KINDER CHOCOLATE, KINDER BUENO, KINDER BUENO (WHITE), KINDER COUNTRY, KINDER SCHOKO-BONS and FERRERO line of chocolates and confections, which include the FERRERO ROCHER products, under the KINDER and FERRERO Marks and all of these products are exclusively distributed by Ferrero USA and contain English language labeling and include the information on the packaging required by U.S. regulations and laws.

30.     For example, the labeling for the KINDER JOY product intended for distribution and sale in the United States has been designed to meet U.S. Food & Drug Administration ("FDA") and Consumer Product Safety Commission ("CPSC") regulations.  This U.S. KINDER JOY product labeling identifies the common or usual name for the product (e.g. "sweet cream topped with cocoa wafer bites") on its principal display panel as required by the FDA and bears a small parts

warning that states "WARNING: CHOKING HAZARD-Small Parts. Not for children under 3 yrs." on the principal display panel as required by the Federal Hazardous Substances Act. The product labeling also identifies Ferrero USA as the exclusive distributor and includes a toll-free 1-800 number that U.S. consumers may call for nutrition information, which are also required by FDA.

31.   Additionally, all of Ferrero's products sold in the United States and worldwide are subject to strict quality control measures, which, in the U.S. includes, without limitation, quality control measures in the importation and distribution of Ferrero's U.S. products. For example, Ferrero's products are shipped and stored in temperature controlled containers to ensure that Ferrero offers and U.S. consumers receive high quality, great tasting products.   It is through such measures that Ferrero has been able to provide U.S. consumers with consistently high quality products for decades.

**Defendant's Unlawful Activities**

32.   Defendants operate a website located at www.imexleader.com and www.sweetschoice.com as well as various Sweets Choice-branded stores and kiosks throughout Orange County, California including stores in Tustin, Orange, and Mission Viejo, where they sell a variety of confectionery products. Upon information and belief, Defendants are doing business or operating as Sweets Choice.

33.   Defendants offer a variety of KING EGG products featuring trade dresses which are likely to cause confusion with various of Ferrero's trademarks and trade dress related to the KINDER JOY product.

34.   Additionally, Defendants also offer a variety of Ferrero products, namely,  KINDER and FERRERO-branded products that are not intended for sale in the United States and which are materially different from the KINDER and FERRERO branded products which are authorized for sale in the United States.

35.    Defendants have intentionally and in bad faith used various trademarks, trade dress and indicia of Ferrero in their actual stores and kiosks, as well as in their marketing, advertising and promotional materials, which is further likely to create confusion with Ferrero and its products.

**Unauthorized Sales of Infringing KING EGG Products**

36.    On information and belief, Defendants import, distribute and offer for sale at least three versions of their KING EGG product in the United States (the "Infringing KING EGG Products") which feature product packaging trade dresses confusingly similar to the KINDER JOY Trade Dress, namely, the "Infringing KING EGG Trade Dress", the "Infringing Girl KING EGG Trade Dress", and the "Infringing Boy KING EGG Trade Dress" (collectively, the "Infringing KING EGG Trade Dresses"), as illustrated below.

| U.S. KINDER JOY TRADE DRESS | INFRINGING KING EGG TRADE DRESS | INFRINGING GIRL KING EGG TRADE DRESS | INFRINGING BOY KING EGG TRADE DRESS |
|---|---|---|---|
|  |  |  |  |

37.    Certain of the Infringing KING EGG Products featuring the Infringing KING EGG Trade Dresses also feature a product configuration that is virtually identical to the KINDER JOY Product Configuration (the "Infringing KING EGG Product Configuration") as shown below:



38.     Both the KINDER JOY Product Configuration and the Infringing KING EGG Product Configuration consist of an egg-shaped package divided into two distinct halves each with a seal, covered in a repeated design pattern, to separate each half from the other and accompanied by a fan-shaped spoon.  One half contains a confection consisting of two balls that resemble chocolate nestled in a cream and the other half contains a toy.

39.     Defendants also display pictures of the Infringing KING EGG Product Configuration on the outer box in which they ship their Infringing KING EGG Products in much the same way that Ferrero displays pictures of the KINDER JOY Product Configuration on packaging for the KINDER JOY product and other promotional and marketing materials and media for its KINDER JOY product, both in the United States and outside of the United States, which is likely to cause consumer confusion.

| KINDER JOY PRODUCT CONFIGURATION ON PACKAGING | INFRINGING KING EGG PRODUCT CONFIGURATION ON PACKAGING |
|---|---|
|  |  |

40.    Additionally, certain versions of the Infringing KING EGG Products offered by Defendants replicate the color scheme Ferrero uses to depict the KINDER mark on its trade dress, as illustrated below.



On the Infringing Girl KING EGG and the Infringing Boy KING EGG Trade Dresses, the "K" in KING is in black with the remaining letters "ING" in reddish-orange, which is the exact color scheme Ferrero uses in connection with its

KINDER mark as it appears on the KINDER JOY Trade Dress where the "K" is in black and the "INDER" is in reddish-orange.

41.     The Infringing Girl KING EGG and the Infringing Boy KING EGG Trade Dresses also feature a wave pattern on the bottom portion of the packaging ("KINDER Wave Pattern") and a blue rectangular box which is nearly identical to the wave pattern and blue rectangular box appearing on the KINDER JOY Trade Dress as shown above.

42.     Defendants also utilize the KINDER Wave Pattern on signs at their kiosks and stores to entice potential customers to purchase the Infringing KING EGG Products and visit their retail stores.  The KINDER Wave Pattern appears prominently in various signs at Sweets Choice locations across southern California, as illustrated below.

| DEFENDANTS' INFRINGING USE OF KINDER WAVE PATTERN | |
| --- | --- |
| Canoga Park, CA | Brea, CA |
|  |  |

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

43.    Defendants also use the KINDER Marks, the KINDER JOY Trade Dress and the KINDER Wave Pattern in the collateral promotional materials they send with online orders for the Infringing KING EGG Products in order to entice potential consumers to visit their retail locations, as depicted below, where Defendants brazenly and willfully use a logo comprised of three eggs featuring a wave pattern which is identical to the KINDER Wave Pattern.

**DEFENDANTS' INFRINGING COLLATERAL PROMOTIONAL MATERIALS**



44.    On information and belief, Defendants advertise an "app" named the "MAGIC KING App" ("Defendant App") on the packaging for the Infringing KING EGG Products which is an obvious attempt to copy the name of the Ferrero app, "MAGIC KINDER," ("Ferrero App") which Ferrero offers in connection with the KINDER JOY product, both in the United States and outside of the United

1  States.  The Ferrero App is featured on Ferrero's in-store display boxes and on the

2  informational leaflet which accompanies the toy surprise in the KINDER JOY

3  product.

4

| PROMOTION OF MAGIC KING APP ON SHIPPING BOX | PROMOTION OF MAGIC KINDER APP ON DISPLAY BOX |
|---|---|
|  |  |

19      45.     Ferrero utilizes a unique T-based numbering system in connection with

20  the identification and packaging of its products, as shown below. As this numbering

21  system is unique to Ferrero, no other manufacturers use such system. On

22  information and belief, Defendants have copied this numbering system in

23  connection with the sale of their Infringing KING EGG Products as shown in the

24  images of their packaging below which incorporates this T-based numbering

25  system.

26

27

28

| FERRERO USA'S T-BASED PRODUCT PACKAGING | DEFENDANT'S T-BASED PRODUCT PACKAGING |
| --- | --- |



46.     On information and belief, Defendants' Infringing KING EGG Products also fail to comply with labeling regulations set forth under the Food, Drug & Cosmetics Act ("FD&C Act"), the Federal Hazardous Substances Act (15 U.S.C. § 1278), and the Tariff Act of 1930 and are noncompliant with CPSC requirements set forth in 16 C.F.R. §1500.19(b)(1). For example, the toy inside the Infringing KING EGG Products is small enough to require a small parts warning under U.S. law, but the required language "WARNING: CHOKING HAZARD – Small parts. Not for children under 3 yrs" as set forth and required under 16 C.F.R. §1500.19(b)(1) is nonexistent on the Infringing KING EGG Products' packaging. Furthermore, the country of origin, required under 19 C.F.R. §134.11 by Customs and Border Protection, is not present on the packaging.

47.     On information and belief, Defendants offer for sale products that have copied the KINDER JOY Trade Dress and/or KINDER JOY Product Configuration in order to trade off the goodwill associated with Ferrero's trademarks, trade dress

and related indicia, including the KINDER JOY Trade Dress and KINDER JOY Product Configuration.

**Defendants Unauthorized Uses of Ferrero's Non-US Trademarks, Trade Dress and Indicia Serve as Evidence of Bad Faith**

48.     Although Ferrero's KINDER JOY product launched in the U.S. market in 2017, the KINDER JOY product is renowned worldwide and Defendants have copied a number of aspects of the trademarks, trade dresses and other indicia associated with the KINDER line of egg-shaped confections, including the KINDER JOY products that have been offered outside of the United States.  There can be no doubt that such acts of copying have been made deliberately and in bad faith to trade off the tremendous goodwill associated with Ferrero's KINDER JOY products.

49.     This bad faith copying is evidenced by Defendants' repeated use of Ferrero's well-known, non-U.S. KINDER JOY/KINDER SURPRISE-related trade dress, trademarks and indicia in their promotion, advertising, and sale of the Infringing KING EGG Products, including use of the Kinderino character and use of the term "Surprise", and furthers the likelihood of confusion as to the source affiliation or sponsorship of Defendants' products and services with Ferrero.

50.     For example, the Infringing KING EGG Products feature a hat, eyes, nose, mouth and/or hands much like the eyes, nose and hands appearing on KINDER JOY products offered outside the United States and the Kinderino animated figure often featured in Ferrero's advertising, promotion and marketing of KINDER JOY products outside the United States as shown below:



| KINDERINO | KINDER JOY TRADE DRESS (CHINA) | KINDER JOY TRADE DRESS (RUSSIA) |
|---|---|---|
| | | |

| INFRINGING KING EGG TRADE DRESS | INFRINGING GIRL KING EGG TRADE DRESS | INFRINGING BOY KING EGG TRADE DRESS |
|---|---|---|
| | | |

51.    On information and belief, Defendants also use the Kinderino character figure at their Mission Viejo location to advertise, promote and market the Infringing KING EGG Products as shown below:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

| USE OF KINDERINO TO PROMOTE INFRINGING KING EGG PRODUCTS |
| --- |



16    52.    The Infringing KING EGG Products are also offered in a pink and

17 blue version which are gender targeted to girls and boy and which copy the pink

18 and blue ombre shading which appears at the top of certain versions of the

19 KINDER JOY product sold outside of the United States as shown below.

20
21
22
23
24
25
26
27
28

| KINDER JOY GIRL TRADE DRESS | KINDER JOY BOY TRADE DRESS | INFRINGING GIRL KING EGG TRADE DRESS | INFRINGING BOY KING EGG TRADE DRESS |
| --- | --- | --- | --- |
|  |  | | |

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

53.    The Infringing KING EGG Product also features question marks on the inner seal of the product similar to the question marks present on various versions of the KINDER JOY product offered outside the United States.

| NON-U.S. KINDER JOY PRODUCT | INFRINGING KING EGG PRODUCT |
|---|---|
|  |  |

54.    For example, Defendants' kiosk located in Canoga Park, CA features a large sign that says "SURPRISE EGGS" across an egg logo and mimics the KINDER SURPRISE and KINDER JOY  trade dresses, including the KINDER Wave Pattern (the "Canoga Kiosk Sign") as shown below.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

**CANOGA KIOSK SIGN AT SWEETS CHOICE KIOSK**



16
17
18
19
20
21
22
23
24
25
26
27
28

55.     The egg design in the Canoga Kiosk Sign is identical to the design featured on Ferrero's KINDER JOY and KINDER SURPRISE trade dresses and both the Canoga Kiosk Sign and the column upon which it appears prominently feature the KINDER Wave Pattern, which is used to market, advertise and promote the KINDER JOY product not only abroad, but also in the U.S.

| CANOGA KIOSK SIGN | U.S. KINDER JOY TRADE DRESS | KINDER SURPRISE TRADE DRESS | KINDER WAVE PATTERN |
|---|---|---|---|
|  |  |  |  |

56.     On the Canoga Kiosk Sign, Defendants also use a multicolor letter pattern in the term "surprise" which  mimics the color pattern and font Ferrero uses in "SURPRISE" wording on its KINDER SURPRISE trade dress. Defendants even go as far as to offer a "Surprise Egg" with a similar use of multicolor letters and font for the terms "Surprise Egg" as depicted below.

| KINDER SURPRISE TRADE DRESS | CANOGA KIOSK SIGN | DEFENDANTS' SURPRISE EGG PRODUCT |
|---|---|---|
|  |  |  |

**Sales of Unauthorized and Materially Different Gray Market Goods**

57.     On information and belief, Defendants also import, distribute, and/or sell in the United States KINDER and FERRERO branded gray market goods intended for sale in foreign countries, such as Poland, India, and the United Kingdom (the "Gray Market FERRERO/KINDER Goods").  The marketing, advertising, promotion, importation, distribution, and/or sale of these Gray Market FERRERO/KINDER Goods is likely to cause confusion among consumers as to the source, nature, and/or approval for sale of these products, because they are materially different from Ferrero's authorized products intended for sale in the U.S. and sold under the KINDER and FERRERO Marks, such as for example, KINDER JOY, KINDER CHOCOLATE, KINDER BUENO, KINDER BUENO (WHITE), KINDER COUNTRY, KINDER SCHOKO-BONS and FERRERO ROCHER products.

58.     Among other things, the Gray Market FERRERO/KINDER Goods do not comply with U.S. regulations, their labeling contains consumer information in a foreign language, they are advertised in a manner not intended for the U.S. market and/or they do not meet Ferrero's quality control standards.  For example, as shown

below, the gray market KINDER JOY product sold by Defendants fails to bear (1) a compliant statement of identity on the front panel (e.g., "Sweet Cream Topped with Cocoa Wafer Bites"); (2) a compliant net weight statement on the front panel; (3) nutrition information that complies with the U.S. regulations; (4) an ingredient statement that declares the common or usual name for each ingredient (e.g., the following ingredients are not declared by their appropriate common or usual name: Edible Oils and Fats, Lecithin, Raising Agents); and (5) it bears unlawful intervening material between the mandatory labeling elements.   The gray market KINDER JOY product label also fails to bear a compliant small parts warning required by the CPSC and country of origin labeling as required by 19 U.S.C. §1304 of the Tariff Act.

| GRAY MARKET KINDER JOY PRODUCT | |
|---|---|
| (Front) | (Back) |

 

59.    Similarly, as shown below, the gray market KINDER CHOCOLATE product sold by Defendants fails to bear:  (1) a compliant statement of identity on the front panel (although it is difficult to assess the appropriate statement of identity because this label is all in a foreign language); (2) a compliant net weight statement

on the front panel; (3) nutrition information that complies with the U.S. regulations; (4) allergen labeling (it appears the product contains milk, soy, and potentially other major food allergens, but these are identified only by the Polish terms); (5) mandatory labeling elements; (6) the ingredient statement, in English, as required by 21 CFR 101.15(c)(1); and (7) country of origin labeling.   It also bears a front-panel statement on the number of calories.  This statement fails to comply with FDA rounding regulations for calories and fails to use the FDA-established daily value for calories in 21 CFR 101.9.

| GRAY MARKET KINDER CHOCOLATE PRODUCT | |
|---|---|
| (Front) | (Back) |



60.     Further, Defendants are selling KINDER and FERRERO-branded products, such as KINDER Choco Fresh, KINDER Milch-Schnitte (Milk Slice), KINDER Happy Hippo, KINDER Country, KINDER Schoko-Bons, KINDER Riegel Mini, Kinder Pingui and FERRERO DUPLO which have not even been authorized by Ferrero for introduction into the U.S. market and which are materially different in form and composition from other KINDER and FERRERO branded products authorized for sale in the United States, in addition to sharing

various of the labeling and packaging deficiencies and lacking quality control as discussed above.

61.     On information and belief, Defendants are also selling products such as KINDER Milk Slice and KINDER Pingui that are intended to be refrigerated without any refrigeration.

62.     On information and belief, Defendants have also sold expired Gray Market FERRERO/KINDER Goods at their Irvine location to a parent and their child, resulting in that parent posting a negative review on Yelp about their June 9, 2017 purchase of the Gray Market FERRERO/KINDER Goods, stating that after their child took a few bites of the KINDER egg, the child "asked if she could throw it away because it tasted "yucky".  I took a bite and sure enough it's yucky.  I looked at the expiration date; 12/2/16!!!"

63.     The material differences between Defendants' Gray Market FERRERO/KINDER Goods and Ferrero's authorized products intended for the U.S. create a negative commercial impression among U.S. consumers of a low-quality, substandard, or different product than the KINDER or FERRERO products they expect to find in the United States.

64.     This negative impression based on these material differences is likely to extend to Ferrero's authorized products intended for the U.S. market, thereby harming the reputation and goodwill associated with Ferrero's products.

65.     Such harm is greatly magnified in view of the fact that Ferrero is in the midst of launching the KINDER JOY product in the U.S., and the materially different Gray Market FERRERO/KINDER Goods, including the gray market KINDER JOY product, that Defendants are offering threaten to jeopardize and harm Ferrero's reputation and ability to successfully introduce the KINDER JOY product to the U.S. market.

66.     On information and belief, Defendants have committed their infringing acts in bad faith, without authorization and with the intent to deceive the U.S.

public. Ferrero has suffered and will continue to suffer substantial and irreparable harm to the reputation and goodwill associated with the KINDER and FERRERO Marks, including the KINDER JOY Trade Dress and KINDER JOY Product Configuration, and the products associated with the KINDER and FERRERO Marks as a result of Defendants' infringing activities and therefore, Ferrero seeks the following relief.

**First Cause of Action**
**Federal Trademark Infringement**
**15 U.S.C. § 1114**

67.     Plaintiffs incorporate Paragraphs 1 through 66 of this Complaint as if fully set forth herein.

68.     Ferrero SpA and Soremartec own various registrations for the KINDER and FERRERO Marks, including the KINDER JOY Trade Dress Registration, and such registrations are valid and enforceable.

69.     The Infringing KING EGG Trade Dresses are confusingly similar to the KINDER JOY Trade Dress in the KINDER JOY Trade Dress Registration.

70.     The Gray Market FERRERO/KINDER Goods are materially different from the authorized KINDER and FERRERO branded products intended for and offered in the United States.

71.     Defendants' activities as described herein are likely to cause confusion or mistake and/or to deceive as to source, affiliation, or sponsorship in violation of the Lanham Act, 15 U.S.C. § 1114.

72.     Defendants' acts have been committed with knowledge of Ferrero SpA's and Soremartec's exclusive rights in the KINDER and FERRERO Marks, including the KINDER JOY Trade Dress Registration, and upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

73.     As a result of Defendants' trademark infringement, Defendants have caused and will continue to cause, irreparable harm to Ferrero SpA and Soremartec

1  and the goodwill associated with the KINDER and FERRERO Marks, including the

2  mark set forth in the KINDER JOY Trade Dress Registration for which Ferrero

3  SpA and Soremartec have no adequate remedy at law.  Thus, Ferrero SpA and

4  Soremartec are entitled to injunctive relief as well as to Defendants' profits and

5  other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118 and to reasonable

6  attorney's fees and prejudgment interest pursuant to 15 U.S.C. § 1117(b).

**Second Cause of Action**
**Unfair Competition**
**15 U.S.C. § 1125(a)**

9  74.    Plaintiffs incorporate paragraphs 1 through 73 of this Complaint as if

10  fully set forth herein.

11  75.    Ferrero SpA and Soremartec have common law and federal trademark

12  rights in their KINDER JOY Trade Dress, KINDER JOY Product Configuration,

13  KINDER Marks and FERRERO Marks and Ferrero USA has the exclusive right to

14  distribute KINDER and FERRERO branded products in the United States.

15  76.    Defendants have used without authorization the distinctive KINDER

16  JOY Trade Dress, KINDER JOY Product Configuration,  KINDER Marks and/or

17  FERRERO Marks or colorable imitations thereof, in commerce on or in connection

18  with the Infringing KING EGG Products and/or Gray Market FERRERO/KINDER

19  Goods; and/or have made false designations of origin, false or misleading

20  descriptions of fact, and/or false or misleading representations of fact, which are

21  likely to cause consumer confusion, or to cause mistake and/or to deceive as to the

22  affiliation, connection or association of Defendants with Ferrero, and/or as to the

23  origin, sponsorship or approval by Ferrero of Defendants' Infringing KING EGG

24  Products, Infringing KING EGG Trade Dresses, Infringing KING EGG Product

25  Configuration and/or Gray Market FERRERO/KINDER Goods or the commercial

26  activities related to Defendants' Infringing KING EGG Products, Infringing KING

27  EGG Trade Dresses, Infringing KING EGG Product Configuration, and/or Gray

28  Market FERRERO/KINDER Goods.

77.     Defendants have, without authorization, imported, distributed and/or sold into the United States Gray Market FERRERO/KINDER Goods featuring the KINDER JOY Trade Dress, KINDER JOY Product Configuration, KINDER Marks and/or FERRERO Marks that are materially different from genuine products authorized by Ferrero for sale in the United States and have offered for sale the Infringing KING EGG Products featuring the Infringing KING EGG Trade Dresses that are confusingly similar to the KINDER JOY Trade Dress.

78.     Defendants acts have been committed with knowledge of Ferrero's exclusive common law rights and goodwill in the KINDER JOY Trade Dress, KINDER JOY Product Configuration, KINDER Marks and FERRERO Marks and upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

79.     As a result of Defendants' act of unfair competition, Defendants have caused and will continue to cause, irreparable harm to Ferrero and the goodwill associated with the KINDER JOY Trade Dress, KINDER JOY Product Configuration, KINDER Marks, an/or FERRERO Marks for which Ferrero has no adequate remedy at law.  Thus, Ferrero is entitled to injunctive relief as well as to Defendants' profits and other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118 and to reasonable attorney's fees and prejudgment interest pursuant to 15 U.S.C. § 1117(b).

**Third Cause of Action**
**Unfair Business Practices under California Business & Professions Code §§ 17200 *et seq***

80.     Plaintiffs incorporate paragraphs 1 through 79 of the Complaint as if fully set forth herein.

81.     Defendants' wrongful conduct in violation of federal and state trademark law alleged herein constitutes an unlawful, unfair or fraudulent business practice in violation of California Business & Professions Code §§ 17200 et seq.

82. Defendants' use of the Infringing KING EGG Trade Dresses, Infringing KING EGG Product Configuration, KINDER Marks, and FERRERO Marks in connection with the advertising, promotion, distribution and/or sale of the Infringing KING EGG Products, and its importation, distribution and sale of Gray Market FERRERO/KINDER Goods in the United States that are materially different from Ferrero's FERRERO and KINDER branded products intended for sale in the United States is likely to cause confusion or mistake with the KINDER JOY Trade Dress, KINDER JOY Product Configuration, KINDER Marks and FERRERO Marks or to deceive as to source, affiliation, or sponsorship with Ferrero.

83. Ferrero has suffered injury and has lost money or property as a result of Defendants' acts of unfair competition. Thus, Ferrero is entitled to injunctive relief pursuant to California Business & Professions Code § 17203.

**Fourth Cause of Action**
**Trademark Infringement in Violation of California State Common Law**

84. Plaintiffs incorporate paragraphs 1 through 83 of the Complaint as if fully set forth herein.

85. Defendants' unlawful use of trademarks which are confusingly similar to the KINDER JOY Trade Dress, KINDER JOY Product Configuration, KINDER Marks and FERRERO Marks constitutes trademark infringement in violation of California common law.

86. As a result of Defendants' acts of trademark infringement, Ferrero has been and continues to be injured in its business and property and has sustained substantial damage to its business, goodwill and reputation.

87. As a result of Defendants' act of trademark infringement, Defendants have caused and will continue to cause, irreparable harm to Ferrero and the goodwill associated with the KINDER JOY Trade Dress, KINDER JOY Product

1   Configuration, KINDER Marks and FERRERO Marks for which Ferrero has no

2   adequate remedy at law.  Thus, Ferrero is entitled to injunctive relief.

3                              **Fifth Cause of Action**
    **Unfair Competition in Violation of California State Common Law**
4

5       88.    Plaintiffs incorporate paragraphs 1 through 87 of the Complaint as if

6   fully set forth herein.

7       89.    Ferrero SpA and Soremartec have common law and federal trademark

8   rights in their KINDER JOY Trade Dress, KINDER JOY Product Configuration,

9   KINDER Marks and FERRERO Marks and Ferrero USA is the exclusive

10  distributor of products bearing such trade dress in the United States.

11      90.    Defendants have used without authorization the distinctive KINDER

12  JOY Trade Dress, KINDER JOY Product Configuration, KINDER Marks and

13  FERRERO Marks or colorable imitations thereof, in commerce on or in connection

14  with the Infringing KING EGG Products and/or Gray Market FERRERO/KINDER

15  Goods; and/or have made false designations of origin, false or misleading

16  descriptions of fact, and/or false or misleading representations of fact, which are

17  likely to cause consumer confusion, or to cause mistake and/or to deceive as to the

18  affiliation, connection or association of Defendants with Ferrero, and/or as to the

19  origin, sponsorship or approval by Ferrero of Defendants' Infringing KING EGG

20  Products and/or Gray Market FERRERO/KINDER Goods or the commercial

21  activities related to Defendants' Infringing KING EGG Products and/or Gray

22  Market FERRERO/KINDER Goods.

23      91.    Defendants have, without authorization, imported, distributed and/or

24  sold into the United States Gray Market FERRERO/KINDER Goods featuring the

25  KINDER JOY Trade Dress, KINDER JOY Product Configuration, KINDER

26  Marks, and/or FERRERO Marks that are materially different from the KINDER

27  and FERRERO branded products authorized by Ferrero for sale in the United States

28  and have offered for sale the Infringing KING EGG Products featuring the

Infringing KING EGG Trade Dresses and Product Configuration that are confusingly similar to the KINDER JOY Trade Dress and Product Configuration.

92.     Defendants' acts have been committed with knowledge of Ferrero's exclusive common law rights and goodwill in the KINDER JOY Trade Dress, the KINDER JOY Product Configuration, and KINDER and FERRERO Marks and upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith.

93.     As a result of Defendants' acts of unfair competition, Defendants have caused and will continue to cause, irreparable harm to Ferrero and the goodwill associated with the KINDER JOY Trade Dress, KINDER JOY Product Configuration, and KINDER and FERRERO Marks for which Ferrero has no adequate remedy at law.  Thus, Ferrero is entitled to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

1.  Enter a judgment against Defendants as follows:

    a)  Defendants have infringed the KINDER JOY Trade Dress, the KINDER JOY Product Configuration, and the KINDER and FERRERO Marks and engaged in unfair competition through use of the Infringing KING EGG Trade Dresses, the Infringing KING EGG Product Configuration and the advertising, marketing, promotion, importation, distribution and/or sale of Gray Market FERRERO/KINDER Goods;

    b)  Defendants' trademark infringement and acts of unfair competition were knowing and willful and committed with bad faith and intent to deceive; and

    c)  This case is exceptional under 15 U.S.C. § 1117(a).

2.     Preliminarily and permanently enjoin Defendants (their assignees, transferees, employees, agents, and representatives, and all other persons, firms, or entities acting in concert or participating with them) from:

    a) Advertising, marketing, promoting, importing, distributing and/or selling into the United States any Gray Market FERRERO/KINDER Goods that are materially different from Ferrero's genuine products intended for importation, distribution and/or sale in the United States;

    b) Passing off Gray Market FERRERO/KINDER Goods as genuine Ferrero goods intended for the U.S. Market;

    c) Representing that the Gray Market FERRERO/KINDER Goods are sponsored or approved by Ferrero for sale in the United States;

    d) Representing that the Gray Market FERRERO/KINDER Goods as imported by Defendants is of the standard, quality or grade of Ferrero's products intended for sale in the United States;

    e) Promoting, marketing, advertising, distributing or offering for sale the Infringing KING EGG Products or any product featuring the Infringing KING EGG Trade Dresses or the Infringing KING EGG Product Configuration; and

    f) Using, displaying, advertising, promoting, registering, transferring or assigning any marks which are confusingly similar to the KINDER JOY Trade Dress, the KINDER JOY Product Configuration, one or more of the KINDER Marks or one or more of the FERRERO Marks, including on or in connection with any products, services or web sites.

3.     Order an accounting of all profits realized by Defendants, or others acting in concert or participation therewith, from Defendants' unauthorized importation, distribution, and/or sale of the Gray Market FERRERO/KINDER Goods, use of the Infringing KING EGG Trade Dresses and/or Infringing KING

EGG Product Configuration, and acts of unfair competition and false designation of origin; and for Defendants to pay over to Ferrero:

    a) All monetary gains, profits, and advantages derived from the acts complained of herein;

    b) Damages incurred by Ferrero, including enhanced damages (up to treble damage) as authorized by 15 U.S.C. § 1117;

    c) Punitive and exemplary damages to be determined by the Court after a full hearing on the merits; and

    d) Ferrero's costs and disbursements in this action, including attorneys' fees and prejudgment interest.

4.     Require Defendants and all persons acting for or in concert therewith, pursuant to 17 U.S.C. § 503 and 15 U.S.C. § 1118 to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, and other materials in the possession of Defendants bearing the Infringing KING EGG Trade Dresses, Infringing KING EGG Product Configuration and/or any marks which are confusingly similar to the KINDER JOY Trade Dress or the KINDER JOY Product Configuration, and including without limitation, all plates, molds, matrices and other means of making these items.

5.     Require Defendants and all persons acting for or in concert therewith, pursuant to 17 U.S.C. § 503 and 15 U.S.C. § 1118 to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, and other materials in the possession of Defendants bearing one or more of the KINDER Marks, one or more of the FERRERO Marks or any colorable imitation thereof, used in connection with the Gray Market FERRERO/KINDER Goods, but not in connection with any sales of Ferrero authorized products offered by Ferrero USA, and including without limitation, all plates, molds, matrices and other means of making these items.

1      6.    Order Defendants, pursuant to 15 U.S.C. § 1116(a) to file with this

2  Court and to serve upon Ferrero within thirty (30) days after entry of an injunction,

3  a report in writing and under oath, setting forth in detail the manner in which

4  Defendant has complied with said judgment.

5      7.    Award Ferrero any other or further relief that this Court may deem just

6  or appropriate.

                                 Respectfully Submitted,

Dated: December 8, 2017        By:  /S/ David Skaar
                                   David Skaar

*Attorneys for Plaintiffs*,
FERRERO S.p.A.
FERRERO U.S.A., INC.
SOREMARTEC S.A.

Of Counsel:

HOGAN LOVELLS US L.L.P.
David Skaar (Bar No. 265377)
1999 Avenue of the Stars #1400
Los Angeles, CA 90067
Tel: 310-785-4600
Fax: 310-785-4601

HOGAN LOVELLS US L.L.P.
Steven Levitan (Cal. Bar No. 148716)
4085 Campbell Ave #100
Menlo Park, CA 94025
Tel: 650-463-4000
Fax: 650-463-4199

HOGAN LOVELLS US L.L.P.
Raymond A. Kurz (*pro hac vice* to be filed)
Celine J. Crowson (*pro hac vice* to be filed)
Anna Kurian Shaw (*pro hac vice* to be filed)
Lauren C. Chamblee (*pro hac vice* to be filed)
555 Thirteenth Street, NW
Washington, DC 20004
Tel: 202-637-5600
Fax: 202-637-5910